UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOAN CAROL LIPIN,

    Plaintiff,

v.

ARTHUR DODSON WISEHART,
a/k/a Arthur D. Wisehart, et al.,

    Defendants.

Case No. 1:24-cv-620

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On October 28, 2024, Plaintiff Joan Lipin ("Lipin") filed the above-captioned pro se lawsuit in this Court. Based on the imposition of pre-filing restrictions on the same Plaintiff, the undersigned has undertaken a *sua sponte* review of Plaintiff's most recent complaint. Having completed that review, I recommend that Lipin's latest case be dismissed for lack of subject matter jurisdiction under *Apple v. Glenn*, that she be declared a vexatious litigant in this Court, and that additional sanctions be imposed against her.

    **I.**    **Background**

Plaintiff Lipin first appeared in this Court a year ago when she filed *Lipin v. Dodson*, Case No. 1:23-cv-684-MWM-SKB. On November 28, 2023, the undersigned filed a 30-page Report and Recommendation ("R&R) that recommended that Plaintiff's case be dismissed with prejudice for lack of jurisdiction "because it is implausible and frivolous under the *Apple v. Glenn* standard, and because Plaintiff Lipin lacks standing to pursue any claims," and that, in the alternative, the case be dismissed with prejudice based on issue preclusion. *Id*., Doc. 17 at PageID 739, 2023 WL 8237402 *16 (S.D. Ohio Nov. 28, 2023). The November 28, 2023 R&R details at length the basis for the alternative

recommendations of dismissal with prejudice. But essentially, the undersigned found that Plaintiff's new complaint in this Court constituted an attempt to re-litigate issues previously decided adversely to Plaintiff in multiple prior cases by other state and federal courts. The undersigned explained that despite being new to this Court, Plaintiff had previously been sanctioned by multiple courts around the country for her vexatious litigation tactics, and that the filing of a new complaint in this Court constituted a violation of both Rule 11 and of 28 U.S.C. § 1927. Therefore, in addition to the recommendations of dismissal with prejudice, the undersigned recommended the imposition of the following three sanctions:

a. In the absence of a strong showing of good cause within fourteen (14) days of the filing of the Show Cause Order, Plaintiff Lipin should be immediately enjoined and barred from filing any new pro se lawsuit, in her name or anyone else's name that raises her claim of ownership in any of the four Ohio parcels of real estate that make up the Ohio farms or in the Paonia Colorado property at issue in this case;

b. Based on her vexatious history, Plaintiff Lipin should be formally warned that if she initiates any new civil case that is subsequently found to be frivolous, she will be declared to be a vexatious litigant in this Court subject to additional pre-filing restrictions. Specifically, she will be required to obtain a certification of an attorney in good standing that any new claims are not frivolous and that the suit is not brought for any improper purpose;

c. Plaintiff Lipin also should be warned that any additional filings of any type that are found to be vexatious are likely to result in additional sanctions, including but not limited to monetary sanctions.

*Id.*, Doc. 17, PageID 739, 2023 WL 8237402 *16.

Plaintiff Lipin responded to the first two recommendations of dismissal with prejudice by immediately filing a Notice of Voluntary Dismissal <u>without</u> prejudice, as she was permitted to do under Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure. (*See*

*id*., Docs. 18, 19).[1] By voluntarily dismissing the underlying case, the R&R's first two recommendations for dismissal *with prejudice* were rendered moot.

The undersigned filed a Supplemental R&R on December 1, 2023 that reiterated why the imposition of sanctions remained appropriate. (Doc. 20).

> [S]creening Plaintiff's complaint under *Apple v. Glenn* required the expenditure of significant judicial resources, due in part to the necessity of close review of Plaintiff's eight prior cases in multiple courts that litigated the same or similar claims and review of many other vexatious proceedings in other courts in Maine, New Jersey, New York, Colorado and Ohio. The undersigned's extensive review confirmed that Plaintiff's claims herein were factually and legally frivolous, that this Court was without jurisdiction to review those claims, and that Plaintiff was attempting to relitigate issues that had previously been definitively resolved. The R&R further concluded that Plaintiff's new complaint represented an abuse of the litigation process and recommended that she be sanctioned for her pernicious conduct under Rule 11. In order to allow Plaintiff an opportunity to respond to the sua sponte recommendation of sanctions, the Court filed a "Show Cause" Order the same day.
>
> By voluntarily dismissing her case, Plaintiff has effectively short-circuited the Court's ability to dismiss her complaint with prejudice. Because dismissal under Rule 41(a)(1) operates without court action and is presumptively "without prejudice," the Court no longer has such authority. On the other hand, "district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)." *Cooter & Gell v. Hartmarx Corp.*, 110 S.Ct. 2447, 2455, 496 U.S. 384, 395 (1990). Most of the prior R&R provides an explanation for the sua sponte imposition of pre-filing restrictions under Rule 11. And the Order that Plaintiff "show cause" for her presumed violation of Rule 11 remains in effect. Plaintiff's Notice of Voluntary Dismissal does nothing to explain her apparent violations of Rule 11 in filing the instant complaint.

*Id*., No. 1:23-cv-684-MWM-SKB, Doc. 20, PageID 746-747, 2023 WL 8360616 *1 (S.D. Ohio Dec. 1, 2023).

---

[1] Under Rule 41(a)(1)(B), a voluntary dismissal is "without prejudice" unless "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim," in which case the voluntary dismissal "operates as an adjudication on the merits." *Id.* Rule 41(d) also permits the award of attorney's fees in certain cases in which a plaintiff has engaged in vexatious litigation. Plaintiff was permitted to dismiss without prejudice because - prior to her voluntary dismissal of *Lipin v. Wisehart*, No. 1:23-cv-684-MWM-SKB - Plaintiff had not previously voluntarily dismissed the substantially similar claims that she has unsuccessfully litigated multiple times in other courts.

The Supplemental R&R concluded that the recommended sanctions "shall STAND, as shall the Order requiring Plaintiff to 'show cause' on or before December 12, 2023 for her misconduct." *Id*., Doc. 20, PageID 747, 2023 WL 8360616 *2. Plaintiff did not respond to the "show cause" order, but instead filed objections to both the original and Supplemental R&Rs. In April 2024, U.S. District Judge Matthew W. McFarland overruled those objections and adopted all recommendations set forth in the original R&R, as modified by the Supplemental R&R. *Id*., No. 1:23-cv-684-MWM-SKB, 2024 WL 1793396 (S.D. Ohio April 25, 2024. In other words, the Court adopted the imposition of sanctions notwithstanding Plaintiff's voluntary dismissal of her lawsuit. *Id*. Plaintiff filed multiple notices of appeal, subsequently dismissing two appeals. (See Docs. 30, 31, 32, 33, 35). A third appeal, Case No. 24-3365, remains pending.

On October 28, 2024, Plaintiff Lipin paid the requisite fee and filed a new lawsuit against two of her deceased husband's sons, Arthur D. Wisehart ("ADW") and C. Winston Wisehart, naming ADW both individually and in his capacity as Trustee of the Dorothy R. Wisehart Trust ("DRW Trust") and as Trustee of the AMW Family Trust. In the above-captioned lawsuit, she also names ADW's attorney, Mark Apelman, and ten "J. Does." Although the new complaint is docketed as a single 193-page document, closer review reveals a 31-page complaint, to which 162 pages of exhibits are attached.

**II.  Analysis**

**A. The Court's Authority to Screen the New Complaint**

Most pro se litigants proceed *in forma pauperis*. In exchange for the benefit of proceeding without payment of a filing fee, litigants who proceed *in forma pauperis* are subject to mandatory statutory screening to determine if their complaint is "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

4

from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff is not a pauper and paid the full filing fee, thereby avoiding statutory screening. Nevertheless, this Court retains both the authority and the obligation to review its jurisdiction, and to dismiss even fee-paid cases if appropriate. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Cases filed by a vexatious litigant who pays the filing fee often consume a greater amount of judicial resources than cases subject to statutory "frivolousness" screening, but remain subject to dismissal under Rule 12(b)(1) when "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Rolle v. Litkovitz*, Case No. 1:21-cv-230; 2021 WL 1546110, at *2 (S.D. Ohio April 20, 2021) (citing *Apple v. Glenn*, 183 F.3d at 479). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Bardes v. Bush*, 2023 WL 2364664, at *4 n.2 (S.D. Ohio March 6, 2023) (collecting cases in which the Sixth Circuit has applied *Nietzke*'s formulation of frivolousness in the *Apple v. Glenn* context).

In addition to its inherent authority to screen Lipin's new complaint, this Court has an obligation to screen the complaint based on the sanctions previously imposed in *Lipin v. Wisehart*, No. 1:23-cv-684-MWM-SKB. As explained below, Lipin's new complaint should be dismissed *sua sponte* with prejudice for lack of subject matter jurisdiction because it is totally implausible and frivolous, or alternatively, because issue preclusion bars all claims. Because Plaintiff's new complaint violates Rule 11 and this Court's prior sanctions order, and represents an abuse of the judicial process, the undersigned also recommends that additional sanctions be imposed.

5

**B. The New Complaint is Frivolous and Raises Previously Litigated Issues**

Notwithstanding the addition of new Defendants and the reformulation of claims under state laws relating to "forgery," the allegations included in the 31-page complaint filed on October 28, 2024 are substantively the same as those included in the 23-page amended complaint filed on October 25, 2023 in *Lipin v. Wisehart*, No. 1:23-cv-684-MWM-SKB. Plaintiff has been expressly enjoined by this Court "from filing any new pro se lawsuit, in her name or anyone else's name that raises her claim of ownership in any of the four Ohio parcels of real estate that make up the Ohio farms or in the Paonia Colorado property at issue in this case." Plaintiff's new complaint violates that pre-filing restriction by raising a claim of ownership in "assets." It is abundantly clear that the "assets" to which Plaintiff refers include the trust assets, such as the Ohio and Colorado real estate at issue in No. 1:23-cv-684-MWM-SKB, that Lipin (falsely) alleges were transferred to her by her late husband, AMW. (*See*, *e.g*., Doc. 1, complaint at ¶¶ 37-38, 73. referring to Defendants' alleged "conversion" of Plaintiff's alleged "assets" through the appointment of ADW as co-Trustee and subsequent creation of what Plaintiff falsely refers to as "illegal" trusts. *See also*, *generally*, *id*. at ¶¶ 2, 6. 33, 39, 57, 74).[2]

In the R&R filed in No. 1:23-cv-684-MWM-SKB that was subsequently adopted (as amended) as the opinion of this Court, the undersigned wrote: "At the heart of this lawsuit is Lipin's insistence that her late husband, Arthur McKee Wisehart ("AMW"), 'legally conveyed' a number of real estate properties to Lipin prior to his death." *Id*., 2023 WL 8237402, at *1. The same statement is true of the above-captioned complaint. In both complaints, Lipin alleges that she has standing to sue because she acquired property

---

[2]Plaintiff's new federal complaint also challenges as a "forgery" a civil complaint filed by ADW as a quiet title action in the Court of Common Pleas for Preble County, Ohio, concerning the same farms at issue in No. 1:23-cv-684-MWM-SKB. And she generally attacks Defendants for filing suit against her concerning the Ohio and Colorado properties. (Doc. 1, ¶¶ 13, 21; 62, 69).

interests from her deceased husband after his legitimate conveyance of those interests to her. (Doc. 1, ¶16, alleging Plaintiff has standing because she is "(i) the sole beneficiary of the uncontested irrevocable wholly integrated and inextricably intertwined [DRW] Trust…. and (ii) the sole beneficiary of the Last Will & Testament of [AMW]….." In both cases, Plaintiff alleges that AMW acquired his interests as the alleged "sole" Trustee of his mother's original trust (the "DRW Trust") (*Id*.) But as previously discussed by this Court, Lipin's assertions - that her late husband acquired property interests as the "sole" beneficiary of the DRW Trust and that he conveyed those interests to her - are frivolous and implausible because they have been rejected by multiple courts. As this Court previously explained:

> [A]t the end of the day, it is clear that the fundamental premise on which Lipin's claims are based – that AMW owned property interests in the subject properties that he "legally conveyed" to her – has been repeatedly rejected by other courts. The undersigned therefore rejects Lipin's claim of property interests in the referenced properties as not "plausible" and "frivolous" because those same allegations have been repeatedly proven to be both factually and legally false.

*Lipin v. Wisehart*, 2023 WL 8237402, at *2.

> Lipin seeks to undermine recent decisions by the Preble County, Ohio Court of Common Pleas and similar rulings by Colorado courts that Lipin never acquired any property interests in certain Ohio and Colorado parcels of real estate. Lipin's claims against ADW and his Colorado attorney, Apelman, are based on her disagreement with recent Ohio court decisions and with multiple other state and federal court decisions that have repeatedly held that she has no property interests in any of the subject properties. Below, the undersigned reviews at some length a total of eight prior cases litigated in Colorado and Ohio that have particular relevance to this lawsuit.

*Id*., at *3.

In Lipin's prior case in this Court, the Court explained why the *Rooker-Feldman* doctrine bars attempts to relitigate the prior adverse rulings against her made by multiple state courts. *See id*., 2023 WL 8237402, at *2 ("Lipin is a state court loser who consistently

7

refuses to accept judgments against her."). In the interests of judicial economy, the undersigned fully incorporates, as if fully restated, the undersigned's prior analysis of why *Rooker-Feldman* bars Plaintiff's newest claims. *See id*., 2023 WL 8237402, at **2-3. While incorporating that analysis in full, I also quote liberally from the same analysis for context and emphasis.

In the instant new case, Plaintiff includes new allegations of "forgery of writing by deception" including ADW's filing of "a purported complaint, in the Common Pleas Court, Preble County, Ohio on the 6th day of July 2015." (Doc. 1, ¶13, PageID 6). She generally alleges that other acts of "forgery" or deception were committed when various Defendants represented that ADW was a lawful "co-Trustee" of multiple trusts, and/or when they represented that ADW lacked legal authority to transfer or dispose of trust assets. But needless to say, Plaintiff's "new" claims of forgery and deception bear close resemblance to similar claims of forgery contained within her prior RICO claims.[3] And her latest creative spin does nothing to alter the application of *Rooker-Feldman*.

In short, Plaintiff's new complaint is patently frivolous for multiple reasons, not the least of which is because it raises previously litigated issues. She again alleges that her late husband, AMW, became the sole trustee of his mother's irrevocable trust (the DRW Trust). She accuses AMW's children of conspiring against her. And she alleges that the son identified as ADW along with Defendant C. Winston Wisehart conspired and forged

---

[3]For example, in No. 1:23-cv-684-MWM-SKB, Plaintiff alleged that Defendants ADW and attorney Apelman had engaged in a pattern of racketeering activity by procuring "by fraud, forgery, fabrication and false claims on behalf of [ADW]...." (*Id*., Doc. 3, ¶3, emphasis added). Similarly, Plaintiff alleged that "Defendants…have procured by fraud, forgery, fabrication, and false claims…." trust assets on behalf of ADW.(*Id*., ¶6, emphasis added). The prior complaint also alleged that Defendants ADW and Apelman "committed public records tampering in the State of Colorado" by "substitut[ing] the legally recorded title of ownership Deeds in the name of 'Lipin, Joan Carol,' with forgeries that Defendants…had manufacture[d] in the name of 'Wisehart, Dorothy R. Trust,' and thereafter procured a court-ordered fraudulent transfer of each real property to the 'Wisehart, Dorothy R. Trust[']." (*Id*., ¶ 89, emphasis added).

8

documents to appoint ADW as co-Trustee in 2009 and/or 2010[4] and later filed a "forgery or writing by deception" in the form of a state court complaint filed on July 6, 2015. (Doc. 1, ¶¶12-13).

The state court case to which Plaintiff refers is *Wisehart v. Wisehart*, Preble County Court of Common Pleas No. 15CV030565, and was filed by ADW in his capacity as co-trustee of the DRW Trust against AMW in order to quiet title in two Ohio farms. Lipin's late husband, AMW, soundly lost that case. Relevant to Plaintiff's allegations, the state court upheld the validity of the appointment of ADW as a co-trustee and invalidated AMW's attempts to convey trust property as the alleged "sole" trustee. AMW filed and lost multiple appeals, including those based on the argument that Lipin was an indispensable party – one of many arguments repeated by Lipin both in No. 1:23-cv-684-MWM-SKB and in the instant case.

As part of this Court's prior discussion of eight related Colorado and Ohio cases concerning the same issues, the undersigned quoted from AMW's unsuccessful state court appeal of the 2015 Preble County quiet title case. To provide more complete context to the reader of this R&R, the undersigned includes portions of the same quotation here.

> {¶8} In 2019, the parties filed cross-motions for summary judgment. Subsequently, the trial court issued its summary judgment decision, which denied [AMW]'s motion and granted [ADW]'s motion. The court found that (1) the Trust held an undivided one-half interest in the Farms, (2) the appointment of [ADW] and [AMW] as cotrustees was valid, (3) all of [AMW]'s prior attempts to convey the Farms out of the Trust were void, and (4) that [AMW] breached his fiduciary duty to the Trust, must provide an accounting for his actions, and must repay the Trust income that he wrongfully withheld. [ADW] subsequently moved for attorney fees and the court held a hearing. In December 2020, the court granted [ADW] $134,374.22 in attorney fees. [AMW] appealed and this court affirmed the trial court's decision. *Wisehart*

---

[4] Plaintiff specifically alleges that Defendants committed acts of "forgery" in November 2009 and January 2010 that resulted in documents attesting that ADW was a Co-Trustee of several trusts, including the DRW Trust, and that the "forged" document(s) were later used in "sham legal process." (Doc. 1, ¶¶ 19, 21, 23, 27, 29-30).

9

> *v. Wisehart*, 12th Dist. Preble No. CA2021-01-001, [2021 WL 4736583], 2021-Ohio-3649.
>
> {¶9} On October 29, 2020, [ADW] moved the court for an order identifying the conveyances of the Farms by [AMW] that were ordered to be set aside and declared a nullity pursuant to the trial court's prior order. On November 5, 2020, the trial court granted [ADW]'s motion. The trial court found that [AMW]'s attempts to convey Trust property to himself or his new spouse, Joan Lipin, were a nullity and ordered those attempted conveyances be set aside. The trial court specifically detailed 12 such attempted conveyances that were to be set aside and nullified. There was no timely appeal from this entry.
>
> {¶10} On April 1, 2022, [AMW] filed a "motion to reopen case" pursuant to Civ. R. 60(B)(5). [AMW] claimed that Lipin was an indispensable party to the declaratory judgment action filed by [ADW] on July 15, 2015, and that the failure to join her as a party deprived the trial court of jurisdiction. Therefore, [AMW] argued that the trial court's orders were void. On April 25, 2022, the trial court denied [AMW]'s motion on the basis that Lipin had no legally protected interest in the matter.

*Lipin v. Wisehart*, 2023 WL 8237402, at *9-10 (quoting *Wisehart v. Wisehart*, 2022-Ohio-3774, ¶¶ 8-10, 2022 WL 13671641, at *1-2 (Ohio App. 12 Dist., Oct. 24, 2022)); *see also id.* at *9 n.11 (noting the Ohio Court of Appeals' rejection of arguments by AMW that when his mother died in 1993, her Trust became irrevocable and that ADW was thereafter prohibited from becoming a trustee – arguments repeated by Lipin in No. 1:23-cv-684-MWM-SKB and again in the above-captioned complaint).

The Ohio Court of Appeals flatly rejected AMW's assertion that he had transferred trust property by quitclaim deed, explaining that AMW "had no interest in the undivided one-half interest held by the Trust" that he could legally convey to Lipin. See *Lipin*, 2023 WL 8237402, at *11 and n.12 (quoting 2022 WL 13671641, at *3). And in related proceedings, the Ohio Supreme Court repeatedly declined numerous requests for review and for reconsideration by both AMW and Lipin. *Id.*

Lipin's latest complaint reasserts the same false narrative that she has standing to proceed because AMW was the sole Trustee of the DRW Trust and had legal authority

10

to convey property interests to Lipin – claims that have previously been decided against both ADW and Lipin by multiple state and federal courts *See, e.g.*, No. 1:23-cv-684-MWM-SKB. Contrary to those allegations, Plaintiff never acquired any property interests in the assets previously held in trust and therefore lacks standing to proceed herein. *See id.*, 2023 WL 8237402, at *4.

This Court must give full faith and credit to judgments entered by other federal courts as well as to judgments entered by state courts. In addition, this Court has been placed on notice of the previously litigated claims and may take judicial notice of related past proceedings. Again, the undersigned incorporates the Court's prior analysis in full, but quotes a portion for emphasis on this issue

> In order to establish standing, Lipin must show: "(1) a concrete and particularized injury-in-fact which (2) is traceable to the defendant's conduct and (3) can be redressed by a favorable judicial decision." *Dickson v. Direct Energy, LP*, 69 F.4th 338 (6th Cir. 2023) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) and *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).
>
> Lipin lacks standing because she cannot show any of the requisite elements. Her claims for "restitution" and other damages rest wholly on imagined injuries to her (non-existent) property interests in the Ohio (and Colorado) properties. Multiple courts have conclusively determined that <u>Lipin does not currently hold and has never held any property interests in those properties</u>.

*Lipin*, 2023 WL 8237402, at *3-4 (emphasis original).

Following their repeated losses in other courts, Lipin and AMW filed their own state court declaratory judgment action on April 5, 2022, seeking a declaration that they were joint owners with right of survivorship of the parcels of real estate that comprised the New Paris Farm in Preble County, Ohio. *See Lipin v. Wisehart*, Preble County Court of Common Pleas No. 22CV032420. The undersigned also repeats this Court's prior summary of that proceeding for emphasis.

11

Plaintiffs [Lipin and AMW] sought a default judgment after defendants filed their answer two days late. The trial court denied default judgment and numerous repetitive motions filed by Lipin on the same issue.

On July 14, 2022, Judge James A. Brogan granted the defendants' respective motions to dismiss the complaint, rejecting AMW's attempt "to re-litigate the issue of whether he is the sole trustee of the Dorothy R. Wisehart Trust." The court agreed that all relevant issues had been decided against Lipin and AMW in the 2015 quiet title case, in which the court previously had held:

> [1] [T]he DRW Trust held an undivided interest in the Farms, (2) the appointment of [ADW and AMW] as co-trustees was valid, (3) <u>[AMW's] prior attempts to convey the Farms out of the Trust were void</u>, and (4) that [AMW] breached his fiduciary duty to the Trust, must provide an accounting for his actions, and must repay the Trust income that he wrongfully withheld.
>
> ...AMW engaged in similar conduct in Colorado when he attempted to convey Colorado parcels of real estate belonging to the DRW Trust to Joan Lipin. Lipin brought a declaratory judgment action... in Colorado.....Judge Brooke Jackson of the District Court in Colorado held that Lipin had no legal interest in the property....

*Id.* (emphasis original). The Ohio court also found persuasive the federal court opinions by Judge Jackson and the Tenth Circuit that Lipin had no legal interest in the Colorado property. The court noted that Lipin had already been sanctioned once, by being ordered to pay ADW $134,474.22 in attorney fees in the Preble County Court of Common Pleas No. 15CV30565, with that decision affirmed by the Twelfth District Court of Appeals on October 12, 2021 in all respects, including the ruling "that AMW's attempts to transfer the Trust's half-interest to himself and/or his spouse Joan Lipin was invalid, void, and a legal nullity." *Id.*

Based on its prior rulings, the trial court held that Lipin lacked standing to sue for declaratory judgment.

> This Court agrees with the Defendants that Joan Lipin had no standing to bring this declaratory judgment action. The Court has previously declared that AMW's attempts to transfer the Preble County properties to himself and Lipin were legal nullities. In other words, AMW as a grantor could not convey the property to Lipin as a grantee.

(7/14/22 Order). Finding the declaratory judgment action to be "wholly frivolous and without any legal foundation," the court directed defendants to "submit evidence of their attorney fees before final judgment is entered." *Id.*

12

> Over the following months, the court denied a large number of motions filed by Lipin and granted a protective order to preclude Lipin from engaging in impermissible discovery. The court set a hearing to determine the amount of sanctions and denied more motions filed by Lipin related to that hearing. Finally, on September 20, 2023, the court formally granted defendants' motion for fees as a sanction for Lipin's frivolous conduct, including the initiation and prosecution of the underlying lawsuit. The order awarded $54,268.50 in fees and expenses in the amount of $1,238.98 to defendant Beach (ADW's attorney), plus an additional $5,000, plus $3,416.67 to ADW, plus $9,804.00 in fees and $150 in expenses to other defendants. In its September 20 order, the Ohio court also held that the underlying case, No. 22CV32420, was barred by the doctrine of issue preclusion or collateral estoppel. On November 1 and November 13, 2023, the trial court overruled additional post-judgment motions filed by Lipin.

*Lipin*, 2023 WL 8237402, at *11 (internal footnotes omitted, emphasis original).

Ultimately both the Preble County trial court and the Twelfth District of the Ohio Court of Appeals imposed sanctions and pre-filing restrictions on Lipin based on her unabated vexatious conduct. Among the sanctions imposed by the Ohio Court of Appeals was a limitation on filing any further appeals, motions, or original actions absent leave of that Court.

On January 3, 2024, the Ohio Court of Appeals (12th Dist.) denied Lipin's motions for leave to further appeal in two separate cases based on the January 4, 2023 pre-filing restrictions imposed by that court.[5] The appellate court's January 2023 "vexatious litigator" finding in turn was based on Lipin's conduct in the Preble County Court of Common Pleas in some of the same cases that the undersigned reviewed in the 11/28/23 R&R. *See* No. 1:23-cv-684-MWM-SKB. In denying Lipin leave to further appeal, the Ohio Court of Appeals quoted from its 2023 sanctions order: "Lipin and her recently deceased husband have habitually, persistently and without reasonable cause engaged in frivolous conduct which has caused this court and all concerned to incur unnecessary attorney

---

[5]See W*isehart v. Lipin*, Preble County No. CA2023-110013 (the second quiet title case) and *Lipin v. Wisehart*, Preble County No. 2023CA110012 (declaratory judgment case).

fees, effort and expense." *See Lipin v. Wisehart*, 2023CA11013 (January 3, 2024 Order denying motion for leave to appeal second quiet title and vexatious litigator findings).

For additional context and because the January 4, 2024 Ohio Court of Appeals order was issued after this Court dismissed Lipin's prior federal case, the undersigned quotes from the state court's opinion at length:

> The fundamental premise upon which [Lipin's] vexatious litigation is based, at least as relevant here, is that appellant's now-deceased husband, [AMW], owned interest in certain property located in Preble County, Ohio. According to [Lipin], these property interests were conveyed to her late husband from a trust to himself, and then to her. However, the Preble County Court of Common Pleas and various state and federal courts have ruled that [Lipin's] deceased husband improperly conveyed the property to himself from the trust, and found all transfers of property from the trust by [AMW] made in his capacity as trustee to be void.
>
> [Lipin] and her husband, when he was alive, nonetheless continued to file meritless, frivolous litigation and motions pertaining to the property. The trust owned property in Colorado and Ohio, and in both states, Lipin has filed and continues to file multiple lawsuits at the state and federal level attempting to establish that the property was properly and legally conveyed from the trust to her late husband and then to her. All of these legal proceedings have been unsuccessful, but appellant continues to file frivolous lawsuits and motions.
>
> Four related cases have been filed in the Preble County Court of Common Pleas relating to trust property located in Ohio. *Arthur Dodson Wisehart v. Arthur McKee Wisehart, et al.*, Preble CP No. 15CV30565; *Arthur Dodson Wisehart v. Joan Lipin*, Preble CP No. 22CJ00248; *Arthur Dodson Wisehart v. Joan Lipin, et al.*, Preble CP 22CV32572; and *Joan Carol Lipin, et al. v. Arthur Dodson Wisehart, et al.,* Preble CP No. 22CV32420. All four cases arise out of [Lipin's] deceased husband's improper and ineffective attempts to transfer property out of trust to his new wife, appellant Lipin.
>
> In the case underlying this appeal, appellant's late husband's son, [ADW], in his capacity as trustee of the [AMW] Family Trust and trustee of the [DRW] Trust, filed a second quiet title lawsuit against Lipin, the Estate of [AMW]…, and 10 "John Doe" defendants. The complaint contains three counts seeking to (1) quiet title to three Ohio farm properties held by the trust; (2) declare Lipin a vexatious litigator; and (3) recover for slander of title concerning a farm located in New Paris, Ohio. As she has done many times in the past, [Lipin] filed multiple motions and claims against [ADW] and his attorney and made multiple attempts ot disqualify the presiding trial judge.

> On September 7, 2023, the trial court granted the plaintiff's motion for summary judgment on the claim that [Lipin] is a vexatious litigator and imposed filing restrictions. On September 22, 2023, the trial court granted summary judgment against …Lipin on the remaining two claims…and denied a cross-motion filed by [Lipin] as being "wholly without merit." … Although the court directed [ADW] to submit damages on the slander of title claim, [ADW] chose not to do so and a final appealable order was filed by the court on October 27, 2023. In the same entry, a "first amended third-party complaint" filed by appellant on August 3, 2023 was dismissed as "meritless" and because it failed to state a claim upon which relief may be granted.
>
> [Lipin] now seeks leave to appeal the trial court's October 27, 2023 decision and entry….
>
> This [appellate] court's January 4, 2023 entry declaring [Lipin] to be a vexatious litigator reads in part as follows: "Lipin has been sanctioned and had filing restrictions imposed upon her as a result of multiple filings by Colorado state courts, the Federal District of Colorado, the Federal Tenth Circuit of Appeals, Maine state courts, the Federal District of Maine, the Southern District of New York, and the Federal Second Circuit Court of Appeals. In Ohio and Colorado combined, **Lipin has filed 29 cases (so far) related to the 2010 designation of co-trustees and ownership of trust property in those states**. Moreover, it is likely that this actually minimized Lipin's participation in vexatious litigation surrounding the Dorothy R. Wisehart Trust because many more cases and motions were filed by [AMW], who was working in concert with Lipin prior to his death." Nothing has changed. Appellant [Lipin] has continued to file frivolous lawsuits, motions and other pleadings.
>
> The status of the Ohio property is clear. It has been repeatedly determined that the transfers from the trust made by [Lipin's] late husband are null and void. It has been held by multiple courts on multiple occasions that appellant has no legal interest in the Preble County property held by the trust. [Lipin's] qualification as a vexatious litigator is clear…. Appellant's motion for leave to appeal does no more or less than seek this court's permission to allow her [to] continue her frivolous conduct and once again re-litigate issues that have been repeatedly and conclusively decided.

*Id*., Ohio 2023CA11013, Jan. 3, 2004 Order at **2-5 (emphasis added).

In addition to the January 2024 orders of the Ohio Court of Appeals denying Lipin leave to further appeal, the undersigned takes judicial notice of the recent filing of a

related criminal case against Lipin in Preble County.[6] On May 6, 2024, Ms. Lipin was indicted by a grand jury and charged with three felonies under Ohio law. *See State v. Lipin*, Preble County 24CR014296. Count 1 of the indictment charges Lipin with having committed forgery on September 29, 2022 when she "did utter, or possess with purpose to utter, a writing, to wit: Affidavit of Survivorship, that Joan Carol Lipin knows to have been forged." Count Two charges her with "grand theft" on or about November 17, 2022 to January 31, 2023 when she "did with purpose to deprive the owner, Luke Brinksneader, of property or services." Count Three charges her with "securing writings by deception" during the same dates by causing "Luke Brinksneader to execute a writing that disposed of or encumbered property, or by which a pecuniary obligation was incurred." The state court docket sheet reflects that a pretrial hearing has been set for November 7, with trial to commence on November 14, 2024.

### C. The Basis for Further Sanctions

Above, the undersigned has explained why Plaintiff's latest civil complaint in this Court is subject to immediate dismissal as wholly frivolous under *Apple v. Glenn*. In the interests of judicial economy, the undersigned has quoted liberally from its own prior analysis in No. 1:23-cv-684-MWM-SKB as well as from the well-reasoned analysis of the Ohio Court of Appeals.

Because the filing of the instant lawsuit constitutes another violation of Rule 11, Fed. R. Civ. P. and violates the sanctions previously imposed against her by this Court, however, this Court must consider the issue of new sanctions. For the reasons discussed, Lipin's newest frivolous complaint violates this Court's prior sanctions order. The new

---

[6]In the complaint filed in the above-captioned case, Plaintiff Lipin references the criminal case against her when she alleges that Defendants ADW and Apelman "with [Defendant] Winston and their co-Defendants" violated 42 U.S.C. § 1983 by "corruptly obstructing justice and causing criminal proceedings to be commenced against Plaintiff…." (Doc. 1, ¶ 69).

16

complaint first violates this Court's prohibition against Lipin filing any new lawsuit "that raises her claim of ownership in any of the four Ohio parcels of real estate that make up the Ohio farms or in the Paonia Colorado property at issue in" No. 1:23-cv-684-MWM-SKB. As discussed, Lipin seeks relief relating to the very same property interests to which it has been established by this Court (and many others) that Lipin has no claim, based on the same false narrative that Lipin's late husband, AMW, was the sole trustee of the DRW trust and had the legal authority to transfer property to Lipin. Just as in the prior cases, Lipin can assert no plausible property interest in the Ohio and Colorado properties originally held by the DRW trust, or from any other similar trust "assets," and lacks standing to proceed.

Second, by filing yet another frivolous complaint, Lipin has demonstrated her willingness to ignore the clear warning that the filing of a new "frivolous" federal case will subject her to a declaration that she is "a vexatious litigant in this Court subject to additional pre-filing restrictions," including a requirement that she "obtain a certification of an attorney in good standing that any new claims are not frivolous and that the suit is not brought for any improper purpose." *See* No. 1:23-cv-684-MWM-SKB. In its prior sanctions order, this Court also warned Plaintiff that "any additional filings of any type that are found to be vexatious are likely to result in additional sanctions, including but not limited to monetary sanctions." Although none of the identified Defendants have yet appeared, this *sua sponte* review has required a significant expenditure of scarce judicial resources.

The undersigned is aware of Plaintiff's history of inundating courts with an excessive number of frivolous motions and appeals, and the frustration expressed by other courts regarding those vexatious practices. While some courts have imposed monetary sanctions, Plaintiff has vigorously fought their imposition through additional

17

motion practice and appeals. It remains unclear to the undersigned whether – to date - Plaintiff Lipin has actually paid any of the sanctions that have been imposed.

### III. Conclusion and Recommendations

For all the reasons stated above, **IT IS RECOMMENDED THAT:**

1. The above-captioned case should be **DISMISSED WITH PREJUDICE**;

2. Plaintiff should be declared to be VEXATIOUS subject to satisfaction of additional pre-filing restrictions before the Clerk of Court will accept any new complaint. Specifically, Plaintiff should be required to obtain a certification of an attorney in good standing in this Court that any new case filed in this Court is not frivolous and that the suit is not brought for any improper purpose;

3. In addition, Plaintiff should be warned that the filing of any frivolous motions or other frivolous documents in *this* case is likely to subject her to additional restrictions. Such restrictions may include a prohibition on filing further motions or documents in *this* case absent a certification of an attorney in good standing in this Court that the filing is non-frivolous;

4. Within fourteen (14) days of the filing of this R&R, Plaintiff should be directed to SHOW CAUSE why she should not be immediately required to pay a monetary sanction of $1,000.00 to the Clerk of Court, with the presiding district judge to determine after review of any response whether to impose a monetary sanction at this time;

5. If Plaintiff attempts to voluntarily dismiss the above-captioned case under Rule 41(a)(1),
    a. any such dismissal should operate as an adjudication on the merits based on her prior dismissal of No. 1:23-cv-684-MWM-SKB, which was a federal

case that was based on or included the same claim(s) that Plaintiff previously dismissed without prejudice; and

b. any voluntary dismissal should have no impact on the recommended sanctions contained in this Report and Recommendation.

   *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOAN CAROL LIPIN,

      Plaintiff,

v.

ARTHUR DODSON WISEHART,
a/k/a Arthur D. Wisehart, et al.,

      Defendants.

Case No. 1:24-cv-620

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).