IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JOAN CAROL LIPIN, | : | Case No. 24-cv-620 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| ARTHUR DODSON WISEHART, et al., | : | |
| Defendants. | : | |

---

ORDER OVERRULING OBJECTIONS AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 6)

---

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Stephanie K. Bowman (Doc. 6), to whom this case is referred pursuant to 28 U.S.C. § 636(b). Plaintiff objected to the Report, as well as another ruling by the Magistrate Judge. (*See* Objections, Docs. 15, 18.) Thus, the matter is ripe for the Court's review.

In the Report, the Magistrate Judge recommends dismissal because the claims are frivolous and amount to issues previously litigated. (Report, Doc. 6, Pg. ID 217-27.) As for brief background, Plaintiff originally filed suit in this Court on October 23, 2023, in the related case of *Lipin v. Wisehart*, No. 1:23-CV-684. There, the Magistrate Judge initially recommended dismissing that lawsuit based on the frivolity of the claims and the doctrine of issue preclusion, as Plaintiff had previously litigated the issues in courts across the country. *See Lipin v. Wisehart*, No. 1:23-CV-684, 2023 WL 8360616, at *1 (S.D.

Ohio Dec. 1, 2023), *report and recommendation adopted*, No. 1:23-CV-684, 2024 WL 1793396 (S.D. Ohio Apr. 25, 2024). Plaintiff then voluntarily dismissed the lawsuit without prejudice under Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, which rendered the recommended dismissal with prejudice moot. *Id.* Nevertheless, based on Plaintiff's vexatious history of filing lawsuits, the Court barred her "from filing any new pro se lawsuit, in her name or anyone else's name that raises her claim of ownership in any of the four Ohio parcels of real estate that make up the Ohio farms or in the Paonia Colorado property at issue in this case." *Lipin v. Wisehart*, No. 1:23-CV-684, 2024 WL 1793396 (S.D. Ohio Apr. 25, 2024). The Court also warned Plaintiff that further sanctions may follow if she continues to file vexatious or frivolous litigation. *Id.* The Sixth Circuit recently affirmed this Court's order, including its imposition of sanctions. *Lipin v. Wisehart*, No. 24-3365 (6th Cir. Nov. 27, 2024).

On October 28, 2024, Plaintiff filed the Complaint currently before the Court in this case. (*See* Compl., Doc. 1.) Although Plaintiff put a "creative spin" on certain claims and added additional parties, the Magistrate Judge considers the allegations "substantively the same" as the prior complaint. (Report, Doc. 6, Pg. ID 217.) Furthermore, the Report finds that the allegations in the Complaint are "frivolous and implausible because they have been rejected by multiple courts." (*Id.* at Pg. ID 218.) The Magistrate Judge ultimately recommends dismissal, as well as further sanctioning Plaintiff under Rule 11 of the Federal Rules of Civil Procedure. (*Id.* at Pg. ID 227-29.)

Plaintiff objects to the Report, broadly claiming that the Report is a "legal nullity," and that no credible or admissible evidence exists to support the "clearly erroneous"

findings. (Objections, Doc. 18, Pg. ID 323.) She also states that the claims in the Complaint are different from those she has previously alleged. (*Id.*) Yet, after careful review, the Court agrees with the detailed and well-reasoned Report. In fact, the Court finds that Plaintiff's claims are substantially similar to the claims made in her previous case, claims which have already been adjudicated in courts across the country. Plaintiff's Complaint is both frivolous and barred by issue preclusion.

Plaintiff also asserts that the Magistrate Judge lacks jurisdiction to oversee this matter as Plaintiff did not consent to it. (Objections, Doc. 18, Pg. ID 330) She cites to 28 U.S.C. § 636(c)(1), which requires consent of the parties for a magistrate judge to conduct all proceedings in a civil matter and order the entry of judgment in the case. However, Plaintiff's argument is misguided. The Magistrate Judge's Report is not an entry of judgment, but a recommendation to this Court; such action does not require consent of all parties. *See* 28 U.S.C. § 636(b)(1)(B). This Court will make the final entry of judgment based on the recommendations the Magistrate Judge provided in her Report, in accordance with 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's jurisdiction is not an issue.

Plaintiff also objects to the Magistrate Judge's November 19, 2024, Notation Order, which stayed certain deadlines pending resolution of the Report. (Objections, Doc. 15.) In particular, Plaintiff argues that the Notation Order "piggy-backs" on the same proposed findings of the Magistrate Judge's Report in this case and in the previous case. (*Id.* at Pg. ID 297.) Plaintiff further claims that the Magistrate Judge's findings were based in a personal bias and prejudice against Plaintiff. (*Id.* at Pg. ID 302.) These conclusory

objections are not supported by the record. And, a stay was appropriate under the circumstances because the Report recommended dismissing the Complaint with prejudice. These objections are therefore overruled.

Finally, the Court does not find Plaintiff's Motion to Disqualify Counsel for Defendants (Doc. 8) compelling. In any event, given the dismissal of the case, the motion is moot.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon such review, the Court finds that Plaintiff's Objections (Doc. 18) are not well-taken and are accordingly **OVERRULED**. The Court **ADOPTS** the Report and Recommendations (Doc. 6) in its entirety and **ORDERS** the following:

1. Plaintiff's case is **DISMISSED WITH PREJUDICE**;

2. Plaintiff **IS DECLARED** a vexatious litigant subject to the satisfaction of additional pre-filing restrictions before the Clerk of Court will accept any new complaint;

3. Plaintiff **SHALL BE REQUIRED** to obtain a certification of an attorney in good standing in this Court that any new case filed in this Court is not frivolous and that the suit is not brought for any improper purpose;

4. Plaintiff **SHALL NOT FILE** any further frivolous motions or documents in this case, as doing so will likely trigger additional restrictions or sanctions;

5. Within fourteen (14) days of this Order, Plaintiff must **SHOW CAUSE** as to why she should not be immediately required to pay a monetary sanction of

$1,000.00 to the Clerk of Court;

6. Plaintiff's Objections to the November 19, 2024, Notation Order (Doc. 15) are **OVERRULED**; and

7. Plaintiff's Motion to Disqualify Counsel for Defendants (Doc. 8) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND